UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHNNY DANIEL REYES et al.,

              Plaintiffs,

    -v-

NY F&B SERVICES LLC et al.,

              Defendants.
-------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-12-2016
```

No. 15CV2882-LTS-DCF

<u>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION</u>

        On April 14, 2015, Plaintiffs Johnny Daniel Reyes ("Reyes"), Efrain Gonzalez Serveriano ("Serveriano"), and Neil Sanchez ("Sanchez" and, collectively, "Plaintiffs") filed this putative collective and class action, on behalf and themselves and similarly situated non-exempt employees employed by Defendants, against Defendants NY F&B Services LLC ("F&B"), Ertunc Gundogdu ("Gundogdu") and Yusuf Sezer ("Sezer" and, collectively, "Defendants"), seeking unpaid wages under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq., ("FLSA")) and New York Labor Law ("NYLL"). (See Complaint ("Compl."), Docket Entry No. 1.) On February 22, 2016, this Court issued a Memorandum Opinion and Order conditionally certifying a class of plaintiffs (Docket Entry No. 37) and referred the case to Magistrate Judge Debra C. Freeman for general pretrial management. (Docket Entry No. 36.)

        On March 24, 2016, counsel for Plaintiffs informed Judge Freeman of their intent to seek to withdraw as counsel. (Docket Entry No. 47.) On March 25, 2016, Judge Freeman held a conference with Plaintiff's counsel and Defendant Gundogdu and thereafter issued an order: (1) staying the Court's conditional certification order; (2) staying discovery pending

resolution of Plaintiffs' counsel's request to withdraw; (3) directing Plaintiffs' counsel and the parties to appear at a conference on April 14, 2016, to discuss the consequences of counsel's potential withdrawal; and (4) directing Defendant Gundogdu to contact the Court's Pro Se Office for assistance, as needed. (See Docket Entry No. 48.) Despite Judge Freeman's order directing the parties to appear on April 14, Plaintiffs failed to appear on that date. (See Docket Entry No. 49.) At the April 14 conference, the Judge Freeman attempted to contact the Plaintiffs, but was only able to reach Gonzalez, who expressed ambivalence as to whether he wished to proceed with his case should counsel be permitted to withdraw. (See Docket Entry No. 52, Report and Recommendation ("Report") at p. 3.) Judge Freeman issued a subsequent order on April 15, 2016, directing Plaintiffs to appear in person for a conference on April 22, 2016, and cautioning Plaintiffs that they would need to write the Court in advance to explain if they would be unable to attend. (See id.; see also Docket Entry No. 49.) Only Plaintiff's counsel and pro se Defendant Gundogdu appeared at the April 22 conference. (See Report at p. 4.)

On April 29, 2016, Judge Freeman issued an order granting Plaintiffs' counsel's request to withdraw as counsel. (Docket Entry No. 50.) In that order, Judge Freeman directed the Plaintiffs to write to the Court's Pro Se Office no later than May 13, 2016, to inform the Court as to whether they wished to continue to prosecute their case. (Id.) The April 29, 2016, order warned Plaintiffs that, if the Court did not hear from them by May 13, 2016, it would assume that they had opted to abandon their claims. (Id.) The Court further directed outgoing counsel to use their best efforts to reach out to Plaintiffs and to translate the April 29 order into Spanish, to ensure the Plaintiffs' understanding. (Id.) Pursuant to that order, Plaintiffs' former counsel wrote Judge Freeman to inform her of their efforts to reach Plaintiffs. (Docket Entry No. 51.) The Court has received no further communication from any of the Plaintiffs. On May

20, 2016, Judge Freeman issued her Report, recommending that Plaintiff's claims in this action be dismissed <u>sua sponte</u>, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).[1] The Report set a deadline of June 6, 2016, for Plaintiffs to file objections. To date, no objections have been received by the Court.[2]

## DISCUSSION

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1)(c) (LexisNexis 2012). The Court must make a <u>de novo</u> determination to the extent that a party makes specific objections to a magistrate's findings. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997). "'To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.'" <u>Adee Motor Cars, LLC v. Amato</u>, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); <u>see also</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (holding that a court may accept a report and recommendation to which no specific objection is made if it

---

[1]    Copies of the Report were mailed to each of the individual Plaintiffs. (<u>See</u> Report at p. 8.) On July 6, 2016, the copy mailed to Plaintiff Reyes was returned to the Court as undeliverable. However, the duty to inform the Court and defendants of any changes of address is "an obligation that rests with all pro se plaintiffs" and, therefore, the fact that the Court was unable to deliver Judge Freeman's Report to Plaintiff Reyes does not impact the Court's decision with respect to adoption of the Report. <u>See</u> <u>Handlin v. Garvey</u>, No. 91CV6777-AGS, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996).

[2]    The Court therefore considers any objections to be waived for purposes of appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

is "not facially erroneous").

Having reviewed Magistrate Judge Freeman's thorough and well-reasoned Report, to which no objections were made, the Court finds no clear error. The Court therefore adopts the Report in its entirety, and Plaintiffs' claims in this action are dismissed without prejudice.

CONCLUSION

The Court adopts the Report in its entirety. Accordingly, Plaintiffs' complaint is dismissed without prejudice. The Clerk of Court is respectfully requested to enter judgment in Defendants' favor and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444, 82 S. Ct. 917 (1962).

SO ORDERED.

Dated: New York, New York
       July 12, 2016

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

**Copies Mailed To:**

Mr. Johnny Daniel Reyes
1245 Stratford Ave., #11
Bronx, NY 10472

.

Mr. Efrain Gonzalez Serveriano
3869 9th Street #4R
Long Island City, NY 11101

Mr. Neil Sanchez
2009 Gleason Ave. #2C
Bronx, NY 10472

Mr. Ertunc Gundogdu
1075 First Avenue, Apt. 5A
New York, NY 10022